**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Savonnia Nelson-Ramsey,<br><br>        Plaintiff,<br><br>vs.<br><br>Deer Valley Auto Sales & Fleet Services, Inc.,<br><br>        Defendant. | No. CV 12-00747-PHX-FJM<br><br>**ORDER** |

We have before us plaintiff's motion for default [judgment] (doc. 10) and plaintiff's supplemental memorandum in support of the amount of damages, attorneys' fees and expenses (doc. 12). Plaintiff purchased a vehicle from defendant in November 2011. She contends that defendant failed to provide her with the correct total of payments, as required by the Truth in Lending Act ("TILA"). Plaintiff brought a one-count complaint against defendant in April 2012 for violation of TILA. Defendant was served but chose not to appear. The clerk entered default against defendant for failure to answer or otherwise plead. Plaintiff then moved for default judgment and we ordered a supplemental memorandum substantiating her claimed damages and attorneys' fees.

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Plaintiff requests statutory damages of $2,000 pursuant to 15 U.S.C.

1  § 1640(a)(2)(A)(i), which provides that any creditor who fails to comply with the statutory
2  requirements shall be liable in an amount equal to the sum of twice the amount of any finance
3  charge in connection with the transaction. Although this clause does not contain a monetary
4  limit, the ceiling on recoveries under § 1640(a)(2)(A)(ii) applies to recoveries under clause
5  (i). Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50, 60, 125 S. Ct. 460, 467 (2004).
6      Defendant calculated the finance charge to be $1,705.90. Twice this amount would
7  be over the limit of clause (ii), which plaintiff contends, without support, is $2,000. Section
8  1640(a)(2)(A)(ii) provides that the cap is $1,000.00.
9      Our own research indicates that perhaps plaintiff is relying on the Dodd-Frank Wall
10 Street Reform and Consumer Protection Act ("Dodd-Frank Act"). Section 1416 of this Act
11 increased TILA's civil liability ceiling from $1,000 to $2,000. Pub. L. No. 111-203, §
12 1416(a)(1)(B), 124 Stat. 1376, 2153 (2010). Unless specifically provided, the Act takes
13 effect one day after enactment, which would be July 22, 2010. § 4, 124 Stat. at 1390. Section
14 1400(c) of the Dodd-Frank Act states that "[a] section of this title [XIV] for which
15 regulations have not been issued on the date that is 18 months after the designated transfer
16 date shall take effect on such date." The transfer date was July 21, 2011. Therefore, if
17 regulations are not issued within 18 months of the transfer date, the default effective date for
18 Title XIV is January 21, 2013. The scope of section 1400(c) is ambiguous – it may apply to
19 all sections within Title XIV, or only those sections for which implementing regulations are
20 required (which would not include § 1416).
21     In Hummel v. Hall, No. 6:11-CV-00012, 2012 WL 2335950 (W.D. Va. June 19,
22 2012), the court analyzed the relevant statutory language, structure, and legislative history
23 and concluded that § 1400(c)'s delayed effective date applies to all of Title XIV. We agree
24 and conclude that plaintiff's damages under 15 U.S.C. § 1640 are thus limited to $1,000.
25     Plaintiff requests $2,503.00 in attorneys' fees and $415.00 in costs. Pursuant to 15
26 U.S.C. § 1640(a)(3), an unsuccessful creditor in a TILA action is liable for "the costs of the
27 action, together with a reasonable attorney's fee as determined by the court." "An award of
28 attorneys' fees under § 1640(a)(3) is properly calculated through a lodestar analysis, in which

1 the court determines a reasonable rate and multiplies it by the number of attorney hours
2 reasonably expended on the case." Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 891 (9th
3 Cir. 2011).

4 Plaintiff provides support for only a portion of her fee request. Lawyers Marshall
5 Meyers, Jose F. Gill, and Aaron Radbil filed declarations supporting their portions of the fee
6 request, and the firm resume contains their biographical information. The amount of hours
7 expended by Meyers, Gill, and Radbil are reasonable. Their rates are reasonable, taking into
8 account, among other factors, their experience and prevailing market rates. But the time
9 sheet contains charges from an additional nine people. None of plaintiff's supporting
10 documentation identifies these individuals, lists their billing rates, or provides any
11 information about them. It is not possible to determine whether their rates are reasonable
12 because the court does not know their rates or whether they are lawyers, law clerks,
13 paralegals, or legal assistants. The court will award fees for the work of Meyers, Gill, and
14 Radbil in the amount of $1,770.50.

15 Pursuant to LRCiv 54.1(a), "[a] party entitled to costs shall, within fourteen (14) days
16 after the entry of final judgment, . . . file with the Clerk of Court and serve upon all parties,
17 a bill of costs on a form provided by the Clerk."

18 **IT IS ORDERED GRANTING** plaintiff's motion for default [judgment]. (Doc. 10).
19 Plaintiff is awarded $1,000.00 in statutory damages and $1,770.50 in attorneys' fees. The
20 clerk will tax costs upon compliance with LRCiv 54.1 and Rule 54(d), Fed. R. Civ. P.

21 DATED this 19th day of July, 2012.

        _____
            Frederick J. Martone
            United States District Judge